**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| MIGUEL A. MILLAN, | ) | |
| Petitioner, | ) | No. 3:26-cv-1447 |
| vs. | ) | Magistrate Judge Peter E. Ormsby |
| PA PAROLE BOARD *et al.*, | ) | |
| Respondents. | ) | |

**MEMORANDUM ORDER**

Before the Court is Petitioner Miguel A. Millan's Motion for leave to proceed in forma pauperis (IFP), seeking to proceed with his Petition under 28 U.S.C. § 2254 without prepaying fees or costs. ECF Nos. 1, 2, 4.[1] The Petition, which was lodged but not filed, sets forth a challenge to the denial of parole. ECF No. 1.

Petitioner, an inmate at SCI Houtzdale, states that he receives $50.00 per month from a family member. ECF No. 4. In addition, Petitioner has submitted a Monthly Account Statement from the correctional facility indicating an available balance of $81.58. ECF No. 5. For debts or financial obligations, he lists court fines of approximately $8,000.00 ECF No. 4.

The IFP statute, 28 U.S.C. § 1915, "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). The authority to grant or deny IFP status stems not only from § 1915, but from the Court's "inherent

[1] Petitioner filed two IFP Motions, one before and one after the Court issued a July 31, 2026, Deficiency Order directing Petitioner to provide a certified copy of his trust fund account statement and a form authorizing the withdrawal of funds from his inmate account. ECF No. 3. Both IFP Motions are pending on the docket. ECF Nos. 2, 4. For purposes of clarity, this Order resolves both.

power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Aruanno v. Davis*, 168 F. Supp. 3d 711, 715 (D.N.J. 2016), *aff'd*, 679 F. App'x 213 (3d Cir. 2017). The ability to proceed IFP is a "privilege." *Aruanno v. Davis*, 679 F. App'x 213, 214 (3d Cir. 2017). Further, "[t]he decision whether to grant or deny in forma pauperis status is within the sound discretion of the district court." *Williams v. Reedman Toll Chrysler Dodge Jeep Ram of Springfield*, No. CV 23-1536, 2023 WL 12248541, at *1 (E.D. Pa. Aug. 10, 2023).

It is a plaintiff's burden to demonstrate entitlement to IFP status. *Hong Nguyen v. Holding Acquisition Co. LP*, No. 18-cv-156, 2018 WL 10015500, at *1 (W.D. Pa. Feb. 12, 2018). To meet this burden, a plaintiff must show that he "cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co*., 335 U.S. 331, 339 (1948). "In determining whether a litigant is eligible for IFP status, the Court may consider [his] income, expenses, and assets, including the value of [his] properly, such as cars and houses." *Yachimiak v. Comm'r of Soc. Sec.*, Civ. No. 17-7479, 2018 U.S. Dist. LEXIS 50737 at *1 (D.N.J. Mar. 26, 2018). The central question is whether paying a filing fee would "force [a plaintiff] to abandon what may be a meritorious claim in order to spare himself complete destitution." *Cotto v. Tennis*, 369 F. App'x 321, 322 (3d Cir. 2010).

"When exercising its discretion to approve or deny a motion to proceed IFP, a District Court 'must be rigorous ... to ensure that the treasury is not unduly imposed upon.'" *In re Mock*, 252 Fed.Appx. 522, 523 (3d Cir. 2007) (per curiam).

The habeas filing fee is $5.00. https://www.pawd.uscourts.gov/fee-schedule. Upon consideration of Petitioner's financial submissions and applicable standards, the Court finds that

Petitioner has sufficient funds to pay the $5.00 fee, and that payment of the fee will not force him to abandon his claims in order to spare himself complete destitution or deprive him of the ability to provide himself with the necessities of life. For these reasons, Petitioner's IFP Motion will be denied.

The Clerk is directed to mark this matter administratively closed. This is not a dismissal. Petitioner may reopen this matter by either paying the filing fee OR, if he believes that additional information would impact his entitlement to IFP status, by submitting a second IFP motion with additional information.

Whether Petitioner chooses to pay the filing fee or submit a new IFP motion, he must do so within sixty (60) days of the date of this Order. The failure to do so may be construed as abandonment of Petitioner's claims, and may lead to a recommendation to the District Judge that the matter be dismissed.

AND NOW, this 10th day of September 2026, it is SO ORDERED.

BY THE COURT:

Peter E. Ormsby
United States Magistrate Judge